UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEON BRIDINGER,

      Petitioner,

v.                                          Civil Action No. 2:11-cv-14747
                                          Honorable Sean F. Cox

DEBRA SCUTT,

      Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

**I. INTRODUCTION**

      This is a habeas case filed by a Michigan prisoner under 28 U.S.C. § 2254. Petitioner Leon Bridinger is a state inmate incarcerated by the Michigan Department of Corrections, currently housed at the G. Robert Cotton Correctional Facility in Jackson, Michigan, where he is serving fourteen months to four years for a no-contest, guilty-plea conviction for resisting and obstructing a police officer causing injury. Petitioner's conviction occurred in the Circuit Court in Ionia County on November 18, 2008. He was sentenced on March 24, 2009.

      On October 28, 2011, Petitioner filed this Habeas Petition challenging the constitutionality of his conviction, alleging that the trial court erred in denying his request for specific performance of his plea agreement. For the reasons stated, the Court denies the Petition. The Court also declines to issue Petitioner a Certificate of Appealability.

**II. BACKGROUND**

      On September 25, 2008, Petitioner was charged with one count of identity theft, a five-year felony, and one count of resisting and obstructing a police officer causing injury, a four-year felony.

As stated, he pleaded no-contest to the resisting-and-obstructing charge. The agreement was that Petitioner would enter his no-contest plea and, in exchange, the prosecutor would dismiss the identity-theft charge. It further provided that any incarceration would be capped at twelve months, that Petitioner would not be charged as a habitual offender, and that standard fines, costs, restitution, and probation would apply. Petitioner also signed an Advice of Rights Form and stated on the record that he understood, by pleading no contest, that he would be giving up the rights listed on the form.

The Michigan Court of Appeals summarized the facts of the case. The recitation of those facts are entitled to a presumption of correctness under 28 U.S.C. § 2254(e)(1). They are as follows.

> Defendant was charged with identity theft and resisting and obstructing a police officer causing injury. Defendant subsequently entered into a plea agreement with the prosecution pursuant to which in return for defendant pleading guilty to the resisting and obstructing charge, the prosecutor agreed to drop the remaining charge, to agree that defendant would not be sentenced as an habitual offender, and to agree that any incarceration would be capped at 12 months in the county jail. After pleading guilty, but before sentencing, defendant was released on bond so that he could resolve charges unrelated to the instant appeal. Defendant's sentencing was scheduled for February 24, 2009, and then adjourned to February 25, 2009, at defendant's request. However, defendant failed to appear, and a warrant was issued for defendant's arrest on February 26, 2009. Defendant was apprehended on March 22, 2009, and sentencing occurred on March 24, 2009. During sentencing, defense counsel stated that defendant "recognizes that the opportunity to stay with the jail sentence was lost given his failure to appear and his violation of bond[,]" and asked the court for a 12-month minimum. The trial court stated that defendant had lost the benefit of the *Killebrew*[]agreement, and imposed a sentence of 14 months to four years. The trial court denied defendant's motion for resentencing. [*People v. Bridinger*, No. 08-H-14209-FH (Ionia Cnty. Cir. Ct. Sept. 22, 2009).]

*People v. Bridinger*, No. 294616, 2011 WL 31103, at *1 (Mich. Ct. App. Jan. 4, 2011).

Following his conviction and sentence, Petitioner filed a Delayed Application for Leave to Appeal with the Michigan Court of Appeals, raising the same claim raised in his Habeas Petition. On January 4, 2011, the Court of Appeals affirmed his conviction and sentence in an unpublished

opinion. *Bridinger*, 2011 WL 31103, at *1, 3. Petitioner subsequently filed an Application for Leave to Appeal that decision with the Michigan Supreme Court, which was denied on July 13, 2011. *People v. Bridinger*, 489 Mich. 982, 799 N.W.2d 176 (2011). His Motion for Reconsideration was denied on September 26, 2011. *People v. Bridinger*, 490 Mich. 876, 803 N.W.2d 328 (2011).

Petitioner neither filed a Motion for Relief from Judgment with the state trial court nor a Petition for a Writ of Certiorari with the United States Supreme Court. Rather, he filed the instant Habeas Petition.

### III. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable

application" occurs when a state court has applied clearly established federal law in an objectively unreasonable manner. *Id.* at 409. Therefore, a federal habeas court may not issue a writ if it concludes the state court applied clearly established federal law merely erroneously or incorrectly. *Id.* at 411. The application must be unreasonable. *Id.*

The Supreme Court has explained that "[a] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. ---, ---, 130 S.Ct. 1855, 1862 (2010) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

"[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. ---, ---, 131 S.Ct. 770, 786 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "[i]t bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington*, 131 S.Ct. at 786 (citation omitted). The Sixth Circuit observed recently that "[t]his is a very high standard, which the [Supreme] Court freely acknowledges." *Peak v. Webb*, 673 F.3d 465, 472 (6th Cir. 2012). The *Peak* Court suggested that *Harrington* holds that the review standard "is even more constricted than AEDPA's plain language already suggests." *Id.* Thus, pursuant to section 2254(d), "[a] habeas court must determine what arguments or theories supported or . . . could have supported [] the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior

4

decision of [the Supreme] Court." *Id.* (internal quotation omitted). The Court must also recognize that habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. ---, ---, 131 S.Ct. 1388, 1398 (2011).

With those standards in mind, the Court proceeds to address Petitioner's claim.

## IV. DISCUSSION

### A. Petitioner's Habeas Claim

Petitioner's only habeas claim is that he was improperly denied the benefit of his plea agreement.

A plea agreement consists of the terms revealed in open court, where the trial court scrupulously follows the required procedure for taking the defendant's plea. *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986); *see also Hastings v. Yukins*, 194 F. Supp. 2d 659, 669 (E.D. Mich. 2002) (same). Because a plea bargain is contractual in nature, it would violate established contract-law standards to permit a defendant to attempt to prove that a plea agreement is otherwise than it unambiguously appears on a thorough record. *Baker*, 781 F.2d at 90. Plea agreements are to be strictly construed. *See United States v. Brummett*, 786 F.2d 720, 723 (6th Cir. 1986). A term of a plea agreement "that is unambiguous on its face and agreed to by the defendant in open court will be enforced." *McAdoo v. Elo*, 365 F.3d 487, 497 (6th Cir. 2004). Moreover, "the United States Constitution does not require judges to explain the meaning of . . . unambiguous terms during the plea colloquy in order to combat alleged misinformation that is not revealed on the record." *Id.* (citation omitted).

The leading United States Supreme Court case regarding a state's breach of a plea agreement is *Santobello v. New York*, 404 U.S. 257 (1975). The *Santobello* Court stated that, "when a plea

5

rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Id.* at 262. To the extent that the promise is breached, the Supreme Court concluded that, "[t]he ultimate relief to which petitioner is entitled [is left] to the discretion of the state court." *Id.* at 263.

At the plea hearing, the following colloquy took place between Petitioner and the trial court:

> THE COURT: In this case you do have an agreement with the People that in return for your plea to this offense any incarceration imposed at the time of sentencing will not exceed twelve months in jail. Do you understand that?
>
> [PETITIONER]: Yes, I do, your Honor.
>
> THE COURT: And is it still your wish to plead guilty pursuant to this agreement?
>
> [DEFENSE COUNSEL]: Your Honor, I believe my client would like to plead no contest based on potential civil liability because of the injury in this case.
>
> THE COURT: The Court determines that is an appropriate basis for a no contest plea. Mr. Bridinger, is it then your wish to plead no contest to this count two pursuant to the sentence agreement you have with the People?
>
> [PETITIONER]: It is, your Honor.
>
> THE COURT: Did Mr. Bridinger sign an [A]dvice of [R]ights [F]orm?
>
> [DEFENSE COUNSEL]: Yes, if I may approach?

Plea Hr'g Tr., 4-5 Nov. 18, 2008, ECF No. 8-2.

The Advice of Rights Form contained a specific paragraph informing Petitioner:

> If you plead guilty or no contest pursuant to a Killebrew or a Cobbs agreement, you will be allowed to withdraw your plea if the court does not follow the agreement **unless** you violate the plea agreement or are in non-compliance with a court order, including a condition of bond. If you violate the plea agreement or a court order, including a condition of bond you give up your right to withdraw your plea if the judge does not follow the Killebrew or Cobbs agreement.

Advice of Rights Form, ECF No. 8-5, Ex. 6 (emphasis in original). The bond agreement that

Petitioner signed specifically stated that he was required to personally appear for any examination, arraignment, trial, or sentencing, and that he would not commit any crime while on bond.

In addressing this claim, the Michigan Court of Appeals stated:

> Here, while defendant acknowledges that an individual who violates a specific condition of his plea agreement is not entitled to specific performance, he maintains that his failure to appear for sentencing "may have violated his bond conditions but did not violate any specific condition of the plea agreement." The parties discuss whether the rule pertains to only specifically expressed plea conditions, or also to all cases in which a defendant escapes from custody before sentencing. However, it is unnecessary to resolve such an argument in this case because defendant was aware of the specific condition that he appear for sentencing, as well as the consequences should he not do so. As the trial court noted, defendant signed the advice of rights form in which defendant indicated that he understood he would be giving up a number of rights.
>
> * * *
>
> Therefore, contrary to defendant's contention, being present for sentencing and not absconding was, in fact, a specific term of his plea agreement. While the trial court did not reiterate all of the conditions orally, the trial court specifically asked defendant whether he had read and understood the advice of rights form that he had signed, and defendant replied affirmatively. Defendant's contention that he did not violate a specific condition of his plea is without merit, as is his contention that he was never informed that he would suffer the loss of his sentencing bargain if he failed to appear for sentencing.

*Bridinger*, 2011 WL 31103, at *3.

In this case, Petitioner agreed to honor all of the conditions of his bond and to appear personally at his sentencing. He did neither. Therefore, he violated the terms of his plea agreement, which in turn negated any sentencing agreement as part of that deal. Thus, the Michigan Court of Appeals reasonably concluded that he was not entitled to the sentence under that deal; its decision

is not contrary to, or an unreasonable application of, clearly established Supreme Court precedent. Petitioner is not entitled to habeas relief with respect to his claim.

### B. Certificate of Appealability

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a [Certificate of Appealability.]" *Miller-El*, 537 U.S. at 327. A Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U .S.C. § 2253(c)(2).

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong . . . . When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [Certificate of Appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court concludes that reasonable jurists would not find its assessment of Petitioner's claim debatable or wrong. The Court therefore declines to issue him a Certificate of Appealability.

### V. CONCLUSION

The state courts's decisions in this case were not contrary to federal law, an unreasonable application of federal law, or an unreasonable determination of the facts. Petitioner has failed to establish that he is presently in custody in violation of the Constitution or laws of the United States.

Accordingly, it is ordered that Petitioner's Petition for a Writ of Habeas Corpus [ECF No. 1] is DENIED.

It is further ordered that the Court DECLINES to issue Petitioner a Certificate of Appealability.

Dated: January 23, 2013           S/ Sean F. Cox
                                            Sean F. Cox
                                            U. S. District Court Judge

I hereby certify that on January 23, 2013, the foregoing document was served upon counsel of record by electronic means and upon Leon Bridinger by First Class Mail at the address below:

Leon Bridinger
216058
G. Robert Cotton Correctional Facility
3500 N. Elm Road
Jackson, MI 49201

Dated: January 23, 2013           S/ J. McCoy
                                            Case Manager